UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00466-KK-DTBx** | Date: | April 8, 2026 |
|---|---|---|---|
| Title: | ***San Martin v. Nissan North America, Inc. et al.*** | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    (In Chambers) Order DENYING Plaintiff's Motion to Remand [Dkt. 9]**

## I.
## INTRODUCTION

On November 26, 2025, plaintiff Jessie B. San Martin ("Plaintiff") filed a Complaint against defendant Nissan North America, Inc. ("Defendant") in Riverside County Superior Court, alleging violations of California's Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq. ("Song-Beverly Act").  ECF Docket No. ("Dkt.") 1-1, Ex. A, Complaint ("Compl.").  On February 2, 2026, Defendant filed a Notice of Removal ("NOR") pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  Dkt. 1, NOR.  On March 4, 2026, Plaintiff filed the instant Motion to Remand ("Motion"). Dkt. 9-1, Motion ("Mot.").

The Court finds this matter appropriate for resolution without oral argument.  See Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15.  For the reasons set forth below, Plaintiff's Motion is **DENIED**.

## II.
## BACKGROUND

### A.    RELEVANT FACTS

The Complaint alleges the following relevant facts:

On April 26, 2025, Plaintiff purchased a 2025 Nissan Murano ("Subject Vehicle") from Defendant.  Compl. ¶ 6.  Plaintiff purchased the Subject Vehicle "for personal, family, or household

purposes." Id. ¶ 8.  When the Subject Vehicle was sold to Plaintiff, Defendant provided an express written warranty, agreeing "to preserve or maintain the utility or performance of the [Subject] Vehicle or to provide compensation if there is a failure in utility or performance for a specified period of time." Id. ¶ 10.

"After Plaintiff took possession of the [Subject] Vehicle and during the warranty period, the [Subject] Vehicle contained or developed defects . . . that substantially impair the use, safety, and/or value of the [Subject] Vehicle." Id. ¶ 11.  Those included a defective engine and electrical system, which were not discoverable to Plaintiff prior to accepting the Subject Vehicle.  Id. ¶¶ 12, 17.

Plaintiff gave Defendant "sufficient opportunity to service or repair the [Subject] Vehicle" to no avail after "a reasonable number of attempts." Id. ¶¶ 14-15.  The defects have "substantially impaired the safety, use and/or value of the [Subject] Vehicle." Id. ¶ 16.

## B.    PROCEDURAL HISTORY

On November 26, 2025, Plaintiff filed a Complaint against Defendant in Riverside County Superior Court, seeking, among other forms of relief, actual, consequential, and incidental damages, restitution, and civil penalties.  Id. at 10.  The Complaint raises the following five causes of action:

1. **Cause of Action One:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(d);
2. **Cause of Action Two:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(b);
3. **Cause of Action Three:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1793.2(a)(3);
4. **Cause of Action Four:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1791.2(a); and
5. **Cause of Action Five:**  Violation of the Song-Beverly Act, Cal. Civ. Code § 1791.1.

Id. ¶¶ 22-45.

On December 16, 2025, Defendant was served with the Complaint.  Mot at 2.  On January 15, 2026, Defendant filed an Answer to the Complaint.  Dkt. 1-2, Ex. B, Answer.

On February 2, 2026, Defendant removed this action to federal court on the basis of diversity jurisdiction.  NOR at 3.  Defendant argues its preliminary investigation revealed an amount in controversy greater than $75,000.  Id. at 5.

On March 4, 2026, Plaintiff filed the instant Motion.  Mot.  Plaintiff argues this action should be remanded because Defendant's removal was untimely.  Id. at 2.  In support of the Motion, Plaintiff submits the Declaration of Alessandro Manno ("Manno Decl."), dkt. 9-2, the Retail Installment Sale Contract, Manno Decl. ¶ 3, Ex. 1 ("RISC"), and the Subject Vehicle's service history, Manno Decl. ¶ 6, Ex. 2 ("Service History").[1]

---

[1] On March 12, 2026, Plaintiff filed a Request for Judicial Notice.  Dkt. 9-8.  A court may take judicial notice of documents extrinsic to the complaint if no party contests their authenticity

On March 12, 2026, Defendant filed an Opposition to the Motion.  Dkt. 13, Opposition ("Opp.").[2]  In support of the Opposition, Defendant submits the Declaration of Jeck Dizon.  Dkt. 13-1 ("Dizon Decl.").

On March 18, 2026, Plaintiff filed a Reply in support of the Motion.  Dkt. 16, Reply.

This matter, thus, stands submitted.

### III.
### LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a civil action may be removed from state to federal court if the action is one over which federal courts could exercise original jurisdiction.  When removing a case under diversity jurisdiction, the defendant must establish (1) complete diversity among the parties and (2) an amount in controversy over $75,000.  28 U.S.C. § 1332(a); see also Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 415 (9th Cir. 2018).  "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability."  Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008); see also Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding the removal statute is "strictly construe[d] . . . against removal jurisdiction").

### IV.
### DEFENDANT HAS COMPLIED WITH THE PROCEDURAL REQUIREMENTS FOR REMOVAL UNDER 28 U.S.C. § 1446

**A.     APPLICABLE LAW**

Pursuant to 28 U.S.C. § 1446(b)(1) ("Section 1446"), a defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal.  Alternatively, if the basis for removal is not clear on the face of the complaint, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).

---

and the complaint "necessarily relies" upon the documents, Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998), superseded by statute on other grounds as recognized in Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006), or if the documents are matters of public record, Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  Here, Plaintiff requests the Court take judicial notice of Defendant's "suggested retail price" for a 2025 Nissan Murano.  Dkt. 9-8 at 2; see also dkt. 9-9.  Because Defendant does not dispute the authenticity of this document, Plaintiff's Request for Judicial Notice is **GRANTED**.

[2] In its Opposition, Defendant requests Judicial Notice of its Statement and Designation by Foreign Corporation for the State of Delaware.  Opp. at 6-7; see Dizon Decl. ¶ 8, Ex. D.  Because Plaintiff does not dispute the authenticity of this document, Defendant's Request for Judicial Notice is **GRANTED**.

The 30-day "removal clock does not start until a paper makes a ground for removal 'unequivocally clear and certain.'" Dietrich v. Boeing Co., 14 F.4th 1089, 1091 (9th Cir. 2021). "[N]otice of removability under [Section] 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." Harris v. Bankers Life & Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).

If neither 30-day deadline under Section 1446 applies, a defendant may "remove outside the two thirty-day periods on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." Roth v. CHA Hollywood Med. Ctr., L.P., 720 F.3d 1121, 1125 (9th Cir. 2013). In any event, under Section 1446(c)(1), removal based on diversity jurisdiction is limited to one year after commencement of the action, unless the plaintiff has acted in bad faith.

**B.    ANALYSIS**

Here, the Court finds Defendant's Notice of Removal was timely.

As an initial matter, Defendant asserts removal is proper on the basis of diversity jurisdiction and the parties do not dispute their diversity in citizenship. See Mot. at 5; Opp. at 4-7. Thus, "[t]he question before the Court is whether satisfaction of the amount in controversy was affirmatively revealed on the face of the complaint such that the 30-day clock began to run at the time Defendant was served." Thibodeaux v. Gen. Motors LLC, No. CV 25-07105-SSC, 2025 WL 2970561, at *3 (C.D. Cal. Oct. 22, 2025)

Here, the Complaint plainly "fail[s] to allege any specific dollar amount," nor "the actual price paid or payable" for the Subject Vehicle. Id. at *5 (citation modified) (quoting Cal. Civ. Code § 1793.2(d)(2)(B)). Further, while Plaintiff argues the Complaint demonstrated the amount in controversy was greater than $75,000 because the Complaint identified the Subject Vehicle and Defendant "[u]ndoubtedly" knew the Subject Vehicle's retail price to calculate the amount in controversy, Mot. at 4-8, the Court is not persuaded. The Complaint merely claims "[t]he total amount paid and payable, incidental and consequential damages and civil penalties exceeds $35,000." Compl. ¶ 7. Defendant was therefore not obligated to "make extrapolations or engage in guesswork" to determine the amount in controversy. Lopez v. Gen. Motors, LLC, No. CV 25-06549-MWF-MAAx, 2025 WL 2629545 at *3 (C.D. Cal. Sept. 11, 2025) (quoting Kuxhausen v. BMW Fin. Servs. NA LLC, 707 F.3d 1136, 1140 (9th Cir. 2013)). Thus, the Complaint did not make removability "unequivocally clear and certain." Dietrich, 14 F.4th at 1094; see also Medina v. Gen. Motors LLC, No. EDCV 25-02067-KK-DTBx, 2025 WL 2963020, at *3 (C.D. Cal. Oct. 20, 2025) (rejecting the plaintiff's argument that the complaint demonstrated removability because the defendant could have easily ascertained the vehicle's market value).

Additionally, even if Defendant could ascertain the value of the Subject Vehicle, the Complaint lacked sufficient information for Defendant to calculate the mileage offset and other statutory offsets under the Song-Beverly Act. See Covarrubias v. Ford Motor Co., No. CV 25-00328-JLS-MAAx, 2025 WL 907544, at *3 (C.D. Cal. Mar. 24, 2025) (finding a complaint brought under the Song-Beverly Act was indeterminate as to the amount in controversy when the complaint failed to provide any information as to either the amount actually paid or the mileage offset). Hence, it was not "unequivocally clear and certain" from the Complaint that Defendant had grounds for removal based on diversity jurisdiction. Dietrich, 14 F.4th at 1095.

Instead, Defendant arrived at the amount in controversy only after conducting its own "preliminary investigation." Opp. at 4-5, 9; Dizon Decl. ¶ 11; see also Roth, 720 F.3d at 1125. Defendant thereafter filed a timely notice of removal on February 2, 2026.

Accordingly, Defendant's Notice of Removal is timely and complies with the procedural requirements for removal pursuant to Section 1446.

## V.
## CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **DENIED**.

**IT IS SO ORDERED**.